```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

PAUL TURNER,                    )
                                )
              Plaintiff,        )
                                )
    v.                          )    No.  05 C 4595
                                )
THE SALOON, LTD., et al.,       )
                                )
              Defendants.       )

## MEMORANDUM OPINION AND ORDER

Following this Court's issuance of its May 25, 2007 memorandum opinion and order ("Opinion") addressing the bulk of the claims asserted by Paul Turner ("Turner") against his ex-employer The Saloon, Ltd. ("Saloon") and certain owners and members of management, this memorandum opinion and order speaks to Turner's remaining allegations (collectively "Wage Claims") that defendants violated the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§201-219)[1] and the Illinois Wage Payment and Collection Act ("Illinois Act," 820 ILCS 115/1).  Here too Saloon has moved for summary judgment under Fed. R. Civ. P. ("Rule") 56.[2]  For the reasons stated here, Saloon's motion is granted as to Turner's

---

[1] Further citations to the FSLA will omit the prefatory "29 U.S.C."

[2] There is no need to repeat the applicable summary judgment standards, which are of course identical to those set out in the Opinion.  And because the Opinion contained a full recital of the substantive facts of the case, this opinion will merely state the additional facts relevant to the Wage Claims.  Finally, the matters addressed in Opinion nn.2, 3 and 4 will apply here as well.

Wage Claims as well.

## Background

Turner claims that during the period of late 2003 through 2004 ("Wage Claim Period"), one of his supervisors, Denise Lake ("Lake"), directed him to alter his time records to avoid being eligible for overtime payment (S. St. ¶67). Turner claims that Lake would request that he modify his time sheets when they worked together on Sundays (id. ¶¶67-68). Though he does not know the exact number of hours he assertedly worked without pay because of Lake's instructions, he says his records indicate a substantial amount of money was involved (T. Dep. 337).

But that unsupported ipse dixit is flatly refuted by the hard evidence proffered by Saloon. In fact Saloon's records, verified by the declaration of its General Manager Mark Braver, show that from July 2003 to December 2004 Turner worked with Lake on only four of the total of 33 Sundays that he worked (B. Declaration ¶14). For two of those four Sundays, Turner's total hours worked during the rest of the week were so low that it would have been literally impossible to exceed 40 hours overall by working on Sunday (id. ¶17). And Turner was actually paid overtime for the other two Sundays that he worked with Lake (id.).

That of course puts the lie to Turner's version. Yet even though Turner has had access to Saloon's management logs and time

records since January 2005 (S. St. ¶14), he has offered nothing to support any purported alteration of records--only a denial that Saloon's records are accurate and a statement (but no evidence) that he has "information at home" about his number of uncompensated overtime hours and that "he will be able to calculate it later" (T. St. ¶24).

## FLSA Claim

Under FLSA §207(a)(1) Saloon is required to pay its employees overtime compensation of 1-1/2 times their normal wages for hours worked in excess of 40 hours per week. As already stated, Turner asserts, without even a snippet of evidence to buttress that assertion, that Lake instructed him to clock in late and clock out early on Sundays and edited his time cards to avoid paying him overtime.[3] Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) is the seminal authority that prescribes the analytical framework needed to support Turner's claim:

> [W]e hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court

---

[3] Saloon calculates wages for purposes of overtime based on a Monday through Sunday calendar week (S. St. ¶66).

may then award damages to the employee, even though the
result be only approximate.

But before the Mt. Clemens burden-shifting framework can come
into play, Turner must first show that Saloon's time records are
either "inaccurate or inadequate" (id. at 687).

Late last month our Court of Appeals again reconfirmed the
nature of the responsibility of a party such as Turner, facing a
potentially dispositive Rule 56 motion (Steen v. Myers, No. 06-
1771, 2007 WL 1461401, at *4 (7th Cir. May 21)):

> But we have consistently held that summary judgment is
> "not a dress rehearsal or practice run; it is the put
> up or shut up moment in a lawsuit, when a party must
> show what evidence it has that would convince a trier
> of fact to accept its version of the events." Hammel
> v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th
> Cir. 2005)(internal citations omitted).

Here Turner has not done so--or perhaps more accurately, he has
confirmed that he has no such evidence at all. At most his
generalized and unsupported statement may be viewed as creating
the kind of "metaphysical doubt" that Matsushita Elec. Indus. Co.
v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) teaches is not
enough to avert summary judgment.[4]

Turner also argues that Saloon's business records
"demonstrate an obsession with employees reaching the overtime
limits" and that waiters who were nearing 40 hours in a week were

---

[4] Although what has been said here discredits Turner's
naked assertion, it is very different from the type of
credibility determination that is not permitted for Rule 56
purposes.

4

cut first (T. Mem. at 18). But that contention, even if true, is only a red herring. Indeed, <u>Mechmet v. Four Seasons Hotels, Ltd.</u>, 825 F.2d 1173, 1176 (7th Cir. 1987) instructs that an employer's aversion to having employees work over 40 hours per week to avoid paying overtime is wholly consistent with FLSA's purposes:

> The first purpose was to prevent workers willing (maybe out of desperation, though this is no longer very likely) to work abnormally long hours from taking jobs away from workers who prefer to work shorter hours.... The second purpose was to spread work and thereby reduce unemployment, by requiring an employer to pay a penalty for using fewer workers to do the same amount of work as would be necessary if each worker worked a shorter week. The third purpose was to protect the overtime workers from themselves: long hours of work might impair their health or lead to more accidents (which might endanger other workers as well).

In sum, Turner has flunked his effort to create a genuine issue of material fact as to his FLSA claim. Hence Saloon's Rule 56 motion must be and is granted as to Turner's claim for back wages and damages under that statute.

### Illinois Act Claim

Turner does not deny that the success of his state law claim under the Illinois Act is intertwined with the success of his federal claim under the FLSA, for the Illinois statute parallels the language of FLSA §207(a)(1). Understandably the Illinois courts therefore subject the state statute to the same interpretation and application as its federal counterpart (see, e.g., <u>Haynes v. Tru-Green Corp.</u>, 154 Ill.App.3d 967, 977, 507 N.E.2d

5

945, 951 (4th Dist. 1987)).

Like our Court of Appeals, then (see Condo v. Sysco Corp., 1 F.3d 599, 601 n.3 (7th Cir. 1993)), this Court will treat the two statutes as co-extensive. Accordingly, Saloon's Rule 56 motion as to Turner's claim under the Illinois Act is granted for the same reasons already stated as to Turner's FLSA claim.

## Conclusion

Because he has again failed to demonstrate the existence of a genuine issue of material fact, Turner's claim that Saloon failed to compensate him accurately has come up empty.  With the loss of his Wage Claims, nothing of his lawsuit remains.  This action is dismissed with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 1, 2007